THE EVA D. ROSE et al.

(District Court, E. D. North Carolina. February 25, 1907.)

SHIPPING—SUIT. FOR NONDELIVERY OF CARGO—COSTS.

Where a vessel stranded on a voyage near her port of delivery, and on being released some days later started back with the intention of delivering the cargo back to the consignors, in violation of the contract of carriage, the consignees were entitled to sue the. vessel in admiralty to recover the cargo and damages for its nondelivery, and a delivery of the goods to libelants pending the suit and a receipt for the same, releasing the vessel and master from claims for damages, do not relieve the vessel from payment of the costs where the receipt expressly provided that the settlement should not have that effect.

In Admiralty. On rehearing.
For former opinion, see 151 Fed. 704.

A. D. Ward, D. L. Ward, and Harry Skinner, for libelants.
W. D. McIver and H. C. Whitehurst, for respondent.

PURNELL, District Judge. Both respondent and libelants having asked that this cause be reopened and a further hearing granted, on the 18th day of February an order was entered reopening the cause and setting the same down for further hearing on February 22d, at 10:30 in the forenoon, when. the same was heard; both libelants and respondent being represented by proctors and respondent Warren being present in person.

Attention is called to the clause in the agreement referred to in the. former opinion in which it is said, "This paper. writing, whatever it is called, seems to be an abandonment of all claims except for cost and some goods, claimed to be short, which shortage the master denies," and the attention of the court is now called especially to the following claim in said paper writing:

"These goods are received. at New. Bern and all claims for freight and delay thereon from New Bern to the point of destination are waived except as hereinafter mentioned."

And afterwards, in a subsequent clause of this paper, appears this stipulation:

"And C. H. Fowler & Co. hereby release and discharge the said E. C. Warren and his vessel from all further claim against them, except those claims which are already set out in the libel proceedings now pending in the District Court of the United States for the Eastern District of North Carolina, all of which are to be unprejudiced by this delivery and acceptance, except that they make no further claim as to actual delivery of the goods herein specified, but does not prejudice their right to recover judgment for possession thereof and for cost, and such damages as are set out in their libel as though no delivery had been made."

This paper is signed by the master and the consignee. The effect of this paper on the pending libel is the question now presented. The court would hardly be asked or. expected to give a judgment for the possession of goods already delivered, and this was the main purpose of the libel, to get the goods. It was not presented at the former hearing, but filed after the hearing, and there is some dispute among counsel as to the propriety of this paper being thus called to the attention

of the court. Into this contention the court will not enter further than to say as it affects pending litigation it should have been filed at the hearing and its effect discussed, that the court might intelligently pass upon the questions at issue. Whether affected by the paper or not, the court was entitled to all the facts at the hearing. The kernel being taken out, it is not fair to the court to ask that the mere shell be considered; but, treating the parties perfectly fair, this agreement that it should not affect the pending litigation as to cost constrains the court to consider the whole case from the first, and to hold the libel was properly filed in the District Court.

The contract was strictly maritime, and the court has jurisdiction. It was obligatory under the contract for the vessel to complete the voyage; and, while this obligation was waived by the consignees as to the goods received at Mawl Point, where the vessel was aground, it was not and could not be so waived as to merchandise (it appears now about $2,000 worth) consigned to other parties. And it appears the master agreed at Mawl Point to take these goods to New Bern and store them in a bonded warehouse, but unexpectedly put to sea, as was before found, to return them to the consignors, which without consent he should not have done. This action was a violation of the parol charter party, and a mistake as to his rights in the premises placed him in the wrong and justified the libel in rem. In the start, then, he was at fault.

The attachment and monition was issued September 22, 1906, and executed, according to the marshal's return, September 25th, and returned into court September 26th. The paper now filed by the master as exempting him from the cost, but providing as above stated, that it should not have this effect, was entered into November 26, 1906, when the vessel and cargo was in custody and after the cost had been incurred. There was some recrimination in the agreement about parties seeking to bring on litigation, intentions, etc., but the court cannot enter into these matters or be influenced by them, but must deal with the facts proved. Being at fault when the libel was filed, it seems the vessel and master, who was bailee, the names of the real shipowners not being disclosed, should pay the cost. The action of the master was the primal cause of the litigation. He may have been justified in his own judgment or his advisers, evidently laymen, but was not from a legal standpoint.

While, as said before in the former opinion, the agreement of parties seems to be an abandonment of all claims except for cost and some goods claimed to be short, which shortage is denied and as to this shortage there is no clear proof, the costs, which are considerable, should be paid by the vessel and her master and bailee. The master, who petitioned for a reopening and further hearing, now produces a receipt of the seamen, and there is some discussion as to who induced these seamen to intervene. Into this question again the court cannot enter. They filed under the rule intervening petitions, and under the rule were made parties. The receipt filed is dated after the former hearing and filing of the decree, and can in no way affect the question of cost on the intervening petitions. To pay these seamen was what the court decided the ship and master must do. He has done no more, and they are entitled to their legitimate cost, but no proctor's fee.

153 F.—58

The claim for demurrage, disallowed heretofore, because not proper-ly filed or made out, was not proved, but it is understood is abandoned and disallowance thereof acquiesced in on the rehearing, at all events it was not pressed and the former decree as to this is unchanged.

It is now considered, ordered, and decreed that the former decree herein be modified and amended to read that the libel herein be dismissed at the cost of the respondent, who will be taxed with the cost thereof, including the cost of the interveners, without proctor's fee as to intervening libels. Claim for damages is again disallowed and for demurrage.